IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OMAR CRUZ VELASCO,<br><br>  Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br><br><br>Civil Case No. 2:08-CV-62 TS<br><br>Criminal Case No. 2:04-CR-798 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Petitioner was indicted, in a Second Superseding Indictment, on three counts of hostage taking on February 21, 2007. Petitioner pleaded guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to Count 1 of the Second Superseding Indictment on March 5, 2007. Petitioner's Statement in Advance of Plea contained an appeal waiver. Petitioner was sentenced to 120 months custody on May 24, 2007. Judgment was entered on June 5, 2007.

1

Petitioner did not pursue direct appeal. Petitioner timely filed the instant Motion on January 22, 2008.

## II.  ANALYSIS

A.   APPEAL WAIVER

In his plea agreement,[1] Petitioner waived both his direct and collateral appeal rights as follows:

> Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to appeal a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above.
> I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.[2]

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[3] In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his

---

[1] Docket No. 283 in Case No. 2:04-CR-798 TS.

[2] *Id*. at ¶ 10.

[3] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

2

appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[4]

    1.    *Scope of Appeal Waiver*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[5] The waiver contained only one exception: "a sentence above the maximum penalty provided in the statute of conviction."[6]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255. The Court detects no ambiguity whatsoever in the language.

In the instant § 2255 Motion, Petitioner claims: (1) that the plea colloquy was deficient; (2) that his guilty plea was coerced; and (3) ineffective assistance of counsel.

The Court finds that the first two grounds are clearly within the scope of the waiver. As to the third ground, the Tenth Circuit has held that a waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[7] Petitioner claims that his counsel was ineffective at the plea stage and in failing to object to the Sentence Guidelines or request a downward departure. Petitioner's second ineffective assistance claim does not challenge the

---

[4]*United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

[5]Docket No. 283, ¶ 10 in Case No. 2:04-CR-798 TS.

[6] *Id*.

[7]*Cockerham*, 237 F.3d at 1187.

validity of the plea or of the waiver. Therefore, the exception stated in *Cockerham* only applies to one of Petitioner's ineffective assistance claims. Petitioner's remaining claims are within the scope of the waiver.

    2.    *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[8] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[9] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[10] Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may now know the *specific detailed* consequences of invoking it."[11]

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily. The language of the appeal waiver states that "[f]ully understanding my limited right to appeal my sentence . . . I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the

---

[8]*Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[9]*Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[10]*Id.* (internal citations omitted).

[11]*United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

manner in which the sentence is determined" and further that "I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[12]

Next, the Court considers whether there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner.  The Court notes that Petitioner bears the "burden to present evidence from the record establishing that he did not understand the waiver."[13]  Petitioner contends that the plea colloquy was deficient under Rule 11 and further contends that his guilty plea was coerced.  The Court finds both claims to be without merit.

First, the Court finds that the Court conducted an adequate Rule 11 colloquy.[14] Defendant was placed under oath and addressed personally in open court.[15]  Defendant was informed of, and the Court determined that the Defendant understood, the following: (1) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;[16] the right to plead not guilty, or having already so pleaded, to persist in that plea;[17] the right to a jury trial;[18] the right to be represented by

---

[12]Docket No. 283, ¶ 10 in Case No. 2:04-CR-798 TS.

[13]*United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

[14]Docket No. 332 in Case No. 2:04-CR-798 TS.

[15]*Id*. at 3:3-21.

[16]*Id*. at 3:21-4:2.

[17]*Id*. at 6:10-18.

[18]*Id*. at 6:10-7:3.

counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding;[19] the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;[20] the defendant's waiver of these rights if the court accepts a plea of guilty;[21] the nature of the charge;[22] the maximum possible penalty, including imprisonment, fine, and term of supervised release;[23] the court's obligation to impose a special assessment;[24] the court's obligation to calculate the applicable guideline range;[25] and the terms of the plea agreement waiving the right to appeal or collaterally attack the sentence.[26]

The Court also took efforts to ensure that the plea was voluntary.[27] In particular, the Court engaged in the following exchange:

> THE COURT:     Mr. Cruz, has anyone threatened you or forced you to plead guilty or to enter into the plea agreement?
>
> THE WITNESS:   No, nobody. None of that.
>
> THE COURT:     Has anybody promised you something that is not contained in the plea agreement?

---

[19]*Id.*

[20]*Id.*

[21]*Id.* at 7:4-14.

[22]*Id.* at 8:17-10:7.

[23]*Id.* at 10:8-15.

[24]*Id.*

[25]*Id.* at 22:20-23:15.

[26]*Id.* at 12:12-13:14.

[27]*Id.* at 4:36:9.

THE WITNESS:    No.[28]

The Court also determined that there was a factual basis for the plea.[29] The Court did so by reading the statement of facts contained in the plea agreement.[30] After the reading of the statement of facts, Defendant stated they were true.[31] However, Defendant then disputed essential elements of the offense charged.[32] The Court even went so far as to state that it could not accept Defendant's guilty plea because of his statements.[33] The Court went on to ask a number of question to satisfy itself that there was a factual basis for Defendant's plea.[34]

The Court concluded as follows:

> It is the finding of the Court . . . that the Defendant is competent and capable of entering an informed plea, that is plea is entered knowingly and voluntarily, that he knows his rights and he has waived those rights, that he is aware of the nature of the charges against him and the consequences of the plea, and that the plea is supported by an independent basis in fact containing the essential elements of the aiding and abetting offense.[35]

Second, Petitioner's contention that his plea was coerced is without merit. The Court specifically asked whether anyone had threatened him or forced him to enter a guilty plea.

---

[28]*Id.* at 5:11-17.

[29]*Id.* at 14:12-22:19.

[30]*Id.* at 14:17-20.

[31]*Id.* at 14:20-15:3.

[32]*Id.* at 16:13-24.

[33]*Id.* at 19:23-25.

[34]*Id.* at 20:422:19.

[35]*Id.* at 24:15-23.

Petitioner's claims that his plea was coerced are in direct conflict with the statements made by Petitioner under oath during his plea colloquy. The Court cannot find that Petitioner has presented evidence to support these claims.

In addition to the plea colloquy, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. . . . I have discussed this case and this plea with my lawyer as much as I wish to. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made, and I am not now under the influence of drugs, medication or intoxicants. I have no mental reservations concerning the plea."[36]

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

3.     *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[37]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver

---

[36] Docket No. 283 in Case No. 2:04-CR-798 TS.

[37] *Hahn*, 359 F.3d at 1327 (internal citations omitted).

is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[38]

Petitioner bears the burden of establishing a miscarriage of justice.[39]

First, there is no evidence that the Court relied upon an impermissible factor. Second, as discussed in more detail below, Petitioner's second ineffective assistance of counsel claim does not allege ineffective assistance in connection with the waiver. Petitioner first ineffective assistance claim does relate to the plea process and will be addressed below. Third, the sentence issued here did not exceed the statutory maximum. Finally, the waiver is not otherwise unlawful and does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

The Court finds that this collateral appeal, with the exception of Petitioner's first ineffective assistance claim, is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice. Therefore, this Court will enforce Petitioner's waiver.

B.   PETITIONER'S FIRST AND SECOND CLAIMS

For the same reasons stated above in relation to the Court's discussion of Petitioner's § 2255 waiver, the Court finds that Petitioner's first and second claims fail. As discussed above, the plea colloquy here was not deficient. Additionally, there is insufficient evidence to support Petitioner's claims that he was coerced into entering the plea.

C.   INEFFECTIVE ASSISTANCE OF COUNSEL

As noted, Petitioner brings two ineffective assistance claims. The first relates to Petitioner's plea. The second relates to sentencing.

---

[38] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[39] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[40]

To successfully claim ineffective assistance then, Petitioner must show two things. First, he must show that Counsel functioned deficiently.[41] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[42] Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[43] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[44] Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[45]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[46] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but

---

[40] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[41] *Strickland*, 466 U.S. at 687.

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

only what is constitutionally compelled.[47]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[48]

### 1. Plea Stage

Petitioner's first ineffective assistance claim alleges that his counsel was ineffective at the plea stage.  In particular, Petitioner argues that his attorney told him that he if he did not plead guilty, he would be charged with kidnaping.  However, Petitioner provides nothing to support this allegation.  As discussed above, during the plea colloquy, the Court specifically asked whether anyone had threatened or forced Petitioner to plead guilty or to enter into the plea agreement.  Petitioner responded: "No, nobody.  None of that."[49]  The Court also asked whether anyone had promised Petitioner anything that was not contained in the plea agreement and Petitioner responded in the negative.  The Court also asked Petitioner the following:

> THE COURT: Have you had the opportunity to fully discuss the case against you, including the charges in the second superseding indictment, with . . . your attorney?
>
> THE WITNESS:  We have discussed it, but we have come to an agreement.
>
> THE COURT: Are you satisfied with the counsel and advice that [your attorney] has given you?
>
> THE WITNESS: That's right, yes, and thank you for that.

---

[47]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[48]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[49]Docket No. 332 at 5:14 in Case No. 2:04-CR-798 TS.

> THE COURT: Are you satisfied that he has represented you well, Mr. Cruz?
>
> THE WITNESS: That's right.[50]

To prevail on an ineffective assistance of counsel claim in the plea context, the movant must show that his counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[51]  Conclusory allegations of ineffective assistance of counsel are insufficient to overcome solemn declarations on the part of the petitioner that a guilty plea was knowingly and voluntary.[52]

Here, Petitioner's conclusory allegations contradict his statements made under oath and are insufficient to support an ineffective assistance claim.  Further, Petitioner has not alleged that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  Therefore, the Court finds that Petitioner's first ineffective assistance claim fails.

  2.  *Sentencing*

Though the Court believes that Petitioner's second ineffective assistance claim is barred by his waiver of post-conviction rights, even if it is not, the Court finds that it lacks merit. Petitioner argues that his counsel was ineffective for failing to object and/or request downward departures.  However, as discussed above, Petitioner's plea was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  A plea under Rule 11(c)(1)(C) does not arise from the

---

[50]*Id*. at 5:18-6:5.

[51]*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[52]*Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996).

Sentencing Guidelines.[53]  Therefore, the Court cannot find Petitioner's counsel ineffective for objecting to the Guidelines or failing to object or make a downward departure under the Guidelines.

Petitioner's other claims of ineffective assistance fail because they are vague and conclusory, and are not supported by the record.

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's Original § 2255 Motion (Docket No. 1 in Case No. 2:08-CV-62 TS) is DENIED for the reasons set forth above.  It is further

ORDERED that Petitioner's Motion to Appoint Counsel (Docket No. 7 in Case No. 2:08-CV-62 TS) is DENIED AS MOOT.

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:08-CV-62 TS forthwith.

SO ORDERED.

DATED   April 20, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[53] *See United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005).